**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO:

JENNIFER QUASHA, on behalf of her
son, H.Q., a minor

    Plaintiffs

vs.

CITY OF PALM BEACH GARDENS, FLORIDA

    Defendants
_____/

## COMPLAINT

COMES NOW, the Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q., and sues the Defendant, CITY OF PALM BEACH GARDENS, FLORIDA and states as follows:

## INTRODUCTION

1. This is an action initiated for the denial of federally secured rights under Title II of the Americans with Disabilities Act of 1990, as amended; and Section 504 of the Rehabilitation Act of 1973.

2. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for plaintiffs' claims arising Under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. Section 794.

3. Venue is proper in this District under 28 U.S.C. § 1391 as this is the district in which the events giving rise to the Plaintiff's claim occurred and as this is an action which is not founded solely on diversity of citizenship.

## PARTIES

4. Defendant, CITY OF PALM BEACH GARDENS, FLORIDA (hereinafter "the CITY") is a Florida municipality organized and existing under the laws of the State of Florida.

5. The CITY OF PALM BEACH GARDENS, FLORIDA owns and operates Gardens Park, located at 4301 Burns Rd, Palm Beach Gardens, FL 33410.

6. Gardens Park is a large sports complex that recently spent 3.5 million dollars to upgrade the facility. It has eight baseball fields, eight soccer fields, concession stands, batting practice areas, picnic tables and a pavilion.

7. Palm Beach Gardens Youth Athletic Association (hereinafter PBYAA) is a non-profit organization with more than 1,500 kids playing in eight recreation leagues. PBYAA contracts with the City of Palm Beach Gardens, to provide their leagues with the best sports facilities in the county.

8. Plaintiff, JENNIFER QUASHA, is sui juris, and is a resident of the City of Palm Beach Gardens and is suing on behalf of her son, H.Q. H.Q. is a six year old boy who has severe allergies to peanuts and asthma. Due to the severity of his allergic reactions, Ms. Quasha carries a epinephrine pen in the event that H.Q. encounters substances that triggers his allergies. H.Q. is a person with a disability, as defined by 42 U.S.C. § 12101.

## FACTS

9. H.Q. likes to play baseball and has been playing baseball with his friends at the PBGYAA T-Ball league. The T-Ball league plays at the fields in Gardens Park.

10. Ms. Quasha contacted PBGYAA regarding H.Q.'s peanut allergy on or about September 22, 2018, during the Fall T-ball season, via an email from Ms. Quasha to the PBYAA stating that, " ... my son [H.Q.] is deadly allergic to peanuts." To which, the president of

the PBYAA, Anthony Badala, responded on September 27, 2018, stating, " ... we are going to do everything that we can to try to make this a positive experience for your child ... "

11. Subsequently, on or about September 30, 2018, PBGYAA took the following actions to accommodate H.Q.'s peanut allergy during Fall T-ball:

    a. As part of the standard maintenance conducted by City parks crew, the dugouts were swept each day prior to first use of the day.

    b. PBGYAA scheduled all of H.Q.'s Fall T-ball games as the first game, every game day.

    c. PBGYAA delayed the sale of peanuts until the end of the first game.

    d. PBGYAA informed the parent/coach volunteer of H.Q.'s peanut allergy, which is standard procedure for PBGYAA.

12. The Fall T-ball league concluded without any further requests or complaints related to H.Q.'s peanut allergy.

13. Ms. Quasha, and her husband, Dr. Quasha wanted the same accommodations for H.Q. for the Spring T-Ball league, but were denied and attempted to obtain accommodations for H.Q. from January 16, 2019 to April 2, 2019 and were denied.

14. Ms. Quasha purchased a helmet, bat and practice pants for H.Q., and was not able to use the equipment because he could not play in the Spring T-Ball league.

15. Ms. Quasha and her husband, Dr. Quasha requested that the peanut shells be swept out of the dugout prior to H.Q. games, or that peanuts should not be sold during the game in which H.Q. participates. Instead, the City's ADA coordinator provided no other option then to have H.Q. play, without his friends and neighbors, at a different T-Ball league in the City of North Palm Beach parks.

*Quasha v. City of Palm Beach Gardens, FL*
*Complaint*
*Page 4 of 14*

16. According to the City, the reasonable accommodations that were offered were as follows:

    a.  PBGYAA offered to schedule all of Harley's team's games at the North Palm Beach baseball fields, as that site does not sell any concessions whatsoever. This accommodation provided the highest degree of safety for Harley since no concessions are sold. This location is also located off Burns Road and is a little more than one mile away.

    b.  Due to the number of children participating in the Spring T-ball league, it was simply not possible to schedule all of Harley's games for first play of the day at the City's baseball facility.

    c.  Dugouts continue to be swept prior to first use each game day.

    d.  Under the Americans with Disabilities Act (ADA), neither PBGYAA nor the City are required to cease selling peanuts, items that may contain peanuts, or that may be processed in a facility with peanuts. Concession revenues are used to offset the cost of all PBGYAA Youth Athletic Programs.

17. Furthermore, the City's ADA coordinator claimed that it would constitute a "direct threat" to H.Q. "by merely participating in sports or being anywhere that the potential for contact with peanuts or someone who has recently handled peanuts might occur."

18. As a final offer for an accommodation at Gardens Park, and after stating that H.Q. would be a direct threat to himself because of his allergy, the concession stand would have brooms for parents and volunteers to use, and that the City would install a sign that informed "patrons that children with food allergies are present and encouraging them to place their peanut shells into trash receptacles."

19. Dr. and Ms. Quasha rejected this accommodation as it was important for H.Q. to play with his friends at the new and improved facilities than with a different T-Ball League in the City of North Palm Beach.

20. The ADA coordinator copied this denial of accommodations, attached hereto as Exhibit "A" to the Mayor and council of the City.

21. Dr. Quasha was told that peanuts are fundamental to the game of baseball so this could not be done.

22. Plaintiff and H.Q. would like to play in the Fall T-Ball League for 2019, and the Spring 2020 T-Ball league, and participate in other programs and services and cannot do so when the City refuses to provide a reasonable accommodation, and effectively excludes a six year old child from their program and services.

23. The ADA coordinator is the City's designated official who had the authority to address the alleged discrimination and to institute corrective measures on the City's behalf.

24. The ADA coordinator informed the City Mayor and the City Council, who are also officials who had the authority to address the alleged discrimination and to institute corrective measures on the City's behalf.

25. The ADA coordinator, Mayor and City Council members knew that harm to a federally protected right was substantially likely and failed to act on that likelihood.

26. The ADA coordinator, Mayor and City Council had actual knowledge of discrimination in the City's programs and failed adequately to respond.

27. Plaintiff, on behalf of H.Q. has suffered damages as a result of the conduct of the Defendants.

28. Plaintiff has retained the services of Disability Independence Group, Inc. to represent them in this matter, and has agreed to pay the agency for its reasonable fees and costs for the prosecution of this matter.

### **COUNT I - Violation of Title II of the Americans with Disabilities Act of 1990**

29. Plaintiff restates paragraphs one through 28 as if alleged herein.

30. The CITY OF PALM BEACH GARDENS, FLORIDA is a public entity pursuant to 42 U.S.C. § 12131(1).

31. The CITY OF PALM BEACH GARDENS, FLORIDA has discriminated against H.Q. by the following:

    a. Both directly and through contractual, licensing, or other arrangements, the City denied H.Q. the opportunity to participate in or benefit from the programs at its baseball fields and facility.

    b. Both directly and through contractual, licensing, or other arrangements, the City afford H.Q. an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others.

    c. Both directly and through contractual, licensing, or other arrangements, the City failed to provide H.Q. with a service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others.

    d. Both directly and through contractual, licensing, or other arrangements, the City failed to administer services, programs, and activities in the most integrated setting appropriate to the needs of H.Q., and other children with disabilities.

32. Refraining from selling peanuts or directing that peanuts not be sold at a concession, would

not result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens to the CITY OF PALM BEACH GARDENS, FLORIDA.

33. Defendant CITY OF PALM BEACH GARDENS, FLORIDA discriminatorily subjected a class of individuals on the basis of a disability through contractual or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of their recreation programs.

34. Defendant CITY OF PALM BEACH GARDENS, FLORIDA acted with deliberate indifference in the violation of H.Q.'s rights.

35. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys; fees, including costs and expenses incurred in this action, and Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

36. JENNIFER QUASHA, on behalf of her son, H.Q., has been damaged by the actions of the CITY OF PALM BEACH GARDENS, FLORIDA and are entitled to damages pursuant to 42 U.S.C. § 12133 for costs expended as a result of the discrimination that her son was subject to.

**WHEREFORE**, Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q., respectfully requests the Court issue a permanent injunction enjoining the Defendant CITY OF PALM BEACH GARDENS, FLORIDA from continuing its discriminatory practices, allowing H.Q. to participate in its program in a peanut-free environment, and awarding JENNIFER QUASHA, on behalf of her son, H.Q.,'s damages, her attorney's fees, costs, and expenses incurred in this action.

## COUNT III- SECTION 504 of the REHABILITATION ACT OF 1973

37. Plaintiff restates paragraphs one through 28 as alleged herein.

38. Defendant CITY OF PALM BEACH GARDENS, FLORIDA are recipients of federal financial assistance.

39. Pursuant to Section 504 of the Rehabilitation Act of 1973, No otherwise qualified individual with a disability in the United States,… solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

40. The Defendant has violated their obligations under the Rehabilitation Act including:

    a. Afford a qualified individual with a disability an opportunity to participate in, or benefit from a benefit, or service that is not equal to that afforded to others;

    b. Provide a qualified individual with a disability an aid, benefit, or service that is not as effective in affording the individual an equal opportunity to obtain the same result, to gain the same benefit, as that provided to others;

    c. Provide different or separate benefits, or services to individuals with disabilities or to any class of individuals with disabilities from that provided to others unless such action is necessary to provide qualified individuals with disabilities with aid, benefits, or services that are as effective as those provided to others.

41. Defendant CITY OF PALM BEACH GARDENS, FLORIDA acted with deliberate indifference in the violation of H.Q.'s rights.

42. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys; fees, including costs and expenses incurred in this action.

43. JENNIFER QUASHA, on behalf of her son, H.Q., has been damaged by the actions of the CITY OF PALM BEACH GARDENS, FLORIDA and are entitled to damages as a result of the discrimination that her son was subject to.

**WHEREFORE**, Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q.,, respectfully requests the Court issue a permanent injunction enjoining the Defendant CITY OF PALM BEACH GARDENS, FLORIDA continuing their discriminatory practices, ordering the Defendant ensuring accommodations are provided to H.Q., and to implement policies and training to ensure that such accommodations are made in the future, and awarding Plaintiff her damages, their attorney's fees, costs, and expenses incurred in this action.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITTED.**

Respectfully submitted, this 21st day of June, 2019

Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181
Email: mdietz@justdigit.org
aa@justdigit.org

By:   s/ Matthew W. Dietz
Matthew W. Dietz, Esq.
Florida Bar No. 0084905