UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 9:19-cv-80825-DMM

JENNIFER QUASHA, on behalf of
her son, H.Q., a minor,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
FLORIDA,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS

    Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel, pursuant to Rule 12(b)(6), Fed.R.Civ.P., moves for the entry of an Order dismissing Plaintiff's Complaint, and states in support, as follows:

    1.    Plaintiff, JENNIFER QUASHA, alleges that the CITY violated the Americans with Disabilities Act and The Rehabilitation Act of 1973 by virtue of failing to reasonably accommodate the alleged disability of her son, H.Q. with respect to his participation in youth baseball run by the Palm Beach Gardens Youth Athletic Association (PBGYAA).

    2.    According to QUASHA, H.Q. is allergic to peanuts and would require, in order to utilize the CITY's facility, employees to remove peanut shells from his dugout area, but was rebuffed and allegedly advised that H.Q. should play in another league.  While the CITY contends that Plaintiff's allegations are false, and that H.Q. was never denied play in the PGYAA at any time, the CITY is mindful that these allegations must be accepted, for now, in addressing the instant motion. The communications between the parties, however, are of no consequence because under the law,

H.Q.'s allergy to peanuts does not qualify as a disability, and Plaintiff is thus not entitled to relief.

WHEREFORE, Defendant, CITY OF PALM BEACH GARDENS, moves to dismiss.

## **MEMORANDUM OF LAW**

Under the ADA and Rehabilitation Act, one must have a "disability" in order to be entitled to relief.  A disability is either "a physical or mental impairment that substantially limits one on or more of the major life activities of [an] individual" or a "record of such an impairment" or "being regarded as having an impairment."  *See*, 42 U.S.C. §12102(2)(A-C); 29 U.S.C. § 705(9)(B).  Thus, unless being allergic to meets the standard for disability, Plaintiff may not obtain relief.

In *Land v. Baptist Med. Ctr.*, 164 F.3d 423 (8th Cir. 1999), the 8th Circuit affirmed summary judgment to Baptist Medical Center, which refused to provide day care services to a child with a peanut allergy.  The court held that a peanut allergy does not substantially limit a major life activity since it did not affect breathing unless the child consumed foods containing peanuts.  The court analogized an allergy to an individual with an anxiety or panic disorder.  *Id.* at 425 (*citing*, *Zirpel v. Toshiba Am. Info. Sys., Inc.*, 111 F.3d 80, 81 (8th Cir. 1997)(although speaking and breathing were hampered during actual panic attack, disorder did not substantially limit plaintiff's major life activities where attacks were infrequent and manageable); *Robinson v. Global Marine Drilling Co.*, 101 F.3d 35, 37 (5th Cir. 1996), *cert. denied,* 520 U.S. 1228 (1997)(several instances of asbestosis-related shortness of breath did not substantially limit major life activity); *see also, Slade v. Hershey Co.*, 2011 WL 3159164 at *4 (M.D. Pa., July 26, 2011)(finding that a peanut allergy is not a disability).

Based upon the foregoing, H.Q.'s allergy to peanuts should be rejected as a qualifying disability, and this case dismissed.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:     /s/E. Bruce Johnson
            E. BRUCE JOHNSON
            FLA. BAR NO. 262137

BY:     /s/Scott D. Alexander
            SCOTT D. ALEXANDER
            FLA. BAR NO. 057207
            JOHNSON, ANSELMO, MURDOCH,
            BURKE, PIPER & HOCHMAN, P.A.
            **Attorneys for Defendant, City**
            2455 East Sunrise Boulevard, Suite 1000
            Fort Lauderdale, FL 33304
            954/463-0100 Telephone
            954/463-2444 Facsimile
            Johnson@jambg.com / Young@jambg.com
            Alexander@jambg.com

## SERVICE LIST

**MATTHEW W. DIETZ, ESQ.**
DISABILITY INDEPENDENCE GROUP, INC.
2990 SW 35th Avenue
Miami, FL 33133
(305) 669-2822 (Phone)
(305) 442-4181 (Fax)
mdietz@justdigit.org
aa@justdigit.org


**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
alexander@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)