UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 9:19-cv-80825-DMM

JENNIFER QUASHA, on behalf of
her son, H.Q., a minor,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
FLORIDA,

    Defendant.
_____/

## **DEFENDANT, CITY OF PALM BEACH GARDENS' ANSWER AND DEFENSES**

Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel, files its Answer and Defenses to the Complaint, as follows:

1. Defendant, CITY, admits that Plaintiff has brought his claims under the Americans With Disabilities Act and Rehabilitation Act, but denies that Plaintiff is entitled to relief.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits that it owns the land on which Gardens Park sits, but denies that it operates all aspects of the park, and specifically denies that it operates the youth sporting league at issue in this case.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant admits that it provided reasonable accommodations to Plaintiff, but denies the remaining allegations of paragraph 16, and denies that it controls the concessions.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

## Count I - Violation of Title II of the ADA

29. Defendant reincorporates its responses to paragraphs 1 through 28.

30. Defendant admits the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32, and specifically denies that it controlled the items to be sold at the concessions.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

## Count II - Violation of the Rehabiliation Act

37. Defendant reincorporates its responses to paragraphs 1 through 28.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. All allegations not specifically admitted herein are denied.

45. Plaintiff is not entitled to injunctive relief since there is no substantial likelihood of success on the merits.

46. Defendant asserts that it did not own, control or govern the concessions at Gardens Park, and that all items were selected, purchased and sold by the PBGYAA. In addition, the CITY

did not control or regulate H.Q.'s ability to participate in the PBGYAA.

47. Defendant, CITY, afforded Plaintiff one or more reasonable accommodations, including, but not limited to permitting H.Q. to play his PBGYAA games at field in close proximity to Gardens Park, where some or all of his PBGYAA games may or would have been played even in the absence of a request for accommodation or his alleged disability. At no time did Defendant, CITY, deny H.Q. the opportunity to participate in the PBGYAA league. The decision as to whether participate was made solely by the parents.

48. As an alternative to the fact that the CITY did not own, control or govern the concessions at Gardens Park, the CITY asserts that even if it controlled the concessions, it would have presented an undue hardship to preclude and actually enforce a total ban on all products to which H.Q. may have been allergic at the concessions and/or a ban on park patrons from presenting to the park on their own with items to which H.Q. may have been allergic.

49. Defendant asserts that all accommodations presented to H.Q.'s family were reasonable, and that H.Q. was afforded the opportunity to and could, in fact, have participated fully in the Spring T-Ball league, and was in no way deprived of such participation by the CITY.

50. Defendant asserts that H.Q. does not have a disability within the meaning of the ADA and/or the Rehabilitation Act.

51. Defendant asserts that the subject programs at issue in this case are not owned, controlled, managed or run by the CITY, but instead by the PBGYAA, and that the CITY could not, or at least was not obligated to dictate terms to PBGYAA such as the schedule and management of PBGYAA games, location of games and the like.

52. Defendant asserts that it would have constituted an undue hardship to insure that no peanut shells or peanut products remained within Gardens Park, the dugout, or areas of play.

53. Defendant asserts that the subject programs are not recipients of federal funding.

54. Defendant denies that any affect of any decisions were intended to be discriminatory, thus barring an entitlement to compensatory damages.

55. Defendants demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY: /s/E. Bruce Johnson
E. BRUCE JOHNSON
FLA. BAR NO. 262137

BY: /s/Scott D. Alexander
SCOTT D. ALEXANDER
FLA. BAR NO. 057207
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant, City**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Johnson@jambg.com / Young@jambg.com
Alexander@jambg.com

## SERVICE LIST

**MATTHEW W. DIETZ, ESQ.**
DISABILITY INDEPENDENCE GROUP, INC.
2990 SW 35th Avenue
Miami, FL 33133
(305) 669-2822 (Phone)
(305) 442-4181 (Fax)
mdietz@justdigit.org
aa@justdigit.org


**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
alexander@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)