UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 9:19-cv-80825-DMM

JENNIFER QUASHA, on behalf of
her son, H.Q., a minor,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
FLORIDA,

    Defendant.
_____/

**DEFENDANT, CITY OF PALM BEACH GARDENS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION**

    Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel, moves for an extension of time, up through and including September 6, 2019 to respond to Plaintiff's Motion for Preliminary Injunction, and states:

    1.    Plaintiff, as mother of her minor son, filed suit against the City of Palm Beach Gardens alleging that the City discriminated against the minor in failing to make reasonable accommodations for his peanut allergy, which if accomplished, would allegedly facilitate his participation in the Palm Beach Gardens Youth Athletic Association ("PBGYAA") t-ball league.

    2.    While the purpose of the instant motion is not to debate the merits of the issues, but instead to seek an extension of time, perhaps a brief explanation of the City's prospective position is in order. The PBGYAA absorbed children from a neighboring league at the City of North Palm Beach because the North Palm Beach league does not have enough children. PBGYAA games are

played both at Gardens Park and at the neighboring City of North Palm Beach Park irrespective of participation by H.Q.  The North Palm Beach facility is a beautiful and perfectly acceptable facility minutes from Gardens Park, where most PBGYAA games are played.  It differs, however, from the Palm Beach Gardens location in that it has no concessions.  For the Spring T-Ball league at issue in this case, the City proposed scheduling H.Q.'s game at the neighboring park to allay the parents concerns over H.Q. coming into contact with peanuts.

3.  Neither the City nor the PBGYAA can reasonably preclude the introduction of peanut products into either park.  The City will show that the ***overwhelming majority*** of food and drink items consumed at little league games are through coolers and large bags of snacks introduced into the park by parents and park patrons, purchased on their own.  The items sold in the concession stands are only a small part of what is consumed in the park.  Parents bring peanuts, almonds, Snicker's candy bars, trail mix, granola bars, cereals, sandwiches with grain breads, cookies, cupcakes, popcorn, peanut butter crackers and a vast array of snacks that contain peanut products.  These hundreds of parents cannot possibly know on which days H.Q. has a game, nor could the City reasonably and effectively police by searching bags and coolers of all park patrons, studying the ingredients, and regulating whether items contain peanut products.  Whether at the City of Palm Beach Gardens or at the neighboring park, precluding the sale of peanuts on the days H.Q. has a game, if H.Q.'s allergy is as serious as Plaintiff claims, is quite like trying to treat a gunshot wound with gauze.  There are peanuts and peanut products throughout both parks irrespective of the concession stands, and peanut products sold at the concessions are the proverbial "drop in the bucket."

4.  **Reason for Seeking an Extension:** Without consideration of the parties' positions on the merits, the undersigned counsel for the City lacks sufficient time to draft a proper and cogent

response to Plaintiff's 20-page motion within the time allowed by the Local Rules. Undersigned counsel is also counsel for the Village of Biscayne Park in Desrouleax v. Village of Biscayne Park, Case No. 18-23797-CIV-DPG, and Dolcine v. Village of Biscayne Park, 1:18-cv-23190-DPG. Those cases involve highly-publicized allegations of police misconduct wherein the individual defendant officers are incarcerated in federal detention centers in Georgia, Arkansas, Kentucky and Massachussetts. Undersigned counsel has spent Monday through Thursday of this week traveling and deposing individual defendants in the Desrouleaux case. Another trip will take place later this month for the Dolcine case. The day of the filing of this motion, Friday, August 9th, is counsel's first full day in the office since Plaintiff filed the motion on August 5, 2019. (D.E. 12).

5. Undersigned counsel's summer vacation **begins on Wednesday, August 21 and concludes on Monday, August 26, 2019.** Counsel will be out of the state during those days. Counsel insured to schedule vacation when not on any trial dockets, or during any time when there were important court-related matters; however, at the time of the scheduling of vacation, the instant matter had not been filed and was not pending.

6. As would be expected, the undersigned's calendar is full in the days leading up to a vacation where there will be several days out of the office. Below is undersigned's calendar leading up to the August 21st vacation:

- 8/12   10:00 and 1:30 depositions in Dolcine v. Village of Biscayne Park

- 8/13   10:00 and 1:30 depositions of the Plaintiffs in Thorn v. City of Pembroke Pines

- 8/14   10:00 special set summary judgment hearing in Pinion v. City of Aventura, followed by videotaped deposition for use at trial of a critical witness at 1:30 p.m. in Mayo v. City of Tequesta (case set for trial in October)

- 8/15   10:00 and 11:30 depositions of the Plaintiffs in Warren v. City of Tamarac. Plaintiffs live out of state and are traveling to South Florida for their depositions.

| | |
|---|---|
| 8/16 | 1:30 personal physician appointment |
| 8/19 | Depositions at 10:00, 11:00, 1:00, 2:00 and 3:00 in Mayo v. Village of Tequsta (case set for trial in October) |
| 8/20 | Deposition of incarcerated Officer Guillermo Ravelo in Atlanta, GA, in case of Dolcine v. Village of Biscayne Park |
| 8/21 | Court-ordered mediation at 9:00 a.m. in Small v. City of Sunrise. |
| 8/21 | Evening flight to Virginia |
| 8/26 | Return flight from Virginia[1] |

7. Since resolution of the instant matter, D.E. 12, requires discovery, including depositions of the parents in order to present critical factual matters upon which the motion turns, the undersigned proposed to depose Plaintiffs on the first day back from vacation, August 27, 2019. Plaintiff's counsel, however, is ***unavailable the entire week of August 26, 2019*** for any depositions in this case. Given the undersigned's own schedule, as set forth above, it is understandable that an attorney with a busy trial practice would lack availability for depositions for a given week as the undersigned has no availability for the weeks set forth above given previously scheduled matters, and a personal vacation.

8. The issues before this Court between the parties, per the pleadings, date back to correspondence discussing accommodations between January 16, 2019 and concluding on April 2, 2019. (D.E. 1, ¶13). Although Plaintiff alleges a final denial of accommodations on April 2, 2019, the instant lawsuit was not filed July 24, 2019, a period of ***113 days.*** The motion for injunction was not filed until August 5, 2019, a period of ***125 days.*** Certainly, if there were an urgency to preclude

---

[1] Since the undersigned did not raise the vacation during the brief discussion with opposing counsel, who expressed he flastly would not agree to **any extensions**, the travel confirmations are attached, demonstrating that this vacation has been planned and paid for since February/March, 2019. Exhibit "A."

the sale of peanuts in the park, Plaintiff would have acted significantly swifter in instituting legal action.

9.  In light of the calendars for the respective attorneys, a response by the Defendant, after having had an opportunity to depose the Plaintiffs, by September 6, 2019 is reasonable. Plaintiff, again, waited 113 days to file suit.  Plaintiff will not be unduly prejudiced if this extension of time is granted while, conversely, the City will be ***severely prejudiced*** if forced to respond when counsel has been traveling for other federal civil rights actions, and is out of the state for six (6) days during the period of time when the responsive memorandum would be prepared and filed, and has insufficient time to digest all of the authorities cited by Plaintiff, conduct opposing research, obtain necessary discovery and affidavits, and prepare a proper response.

10.  **Local Rule Certification:** Plaintiff opposes any extension of time.

WHEREFORE, Defendant, CITY OF PALM BEACH GARDENS, respectfully seeks an extension of time, up through and including September 6, 2019 to file a response to Plaintiff's Motion for Preliminary Injunction.

## MEMORANDUM OF LAW

Pursuant to Rule 6(b), Fed.R.Civ.P., the court possesses significant discretion in extending the time period for a responsive memorandum.  Counsel for the City has set forth good cause, including nearly weeklong out-of-state depositions and a 6-day personal vacation, all of which were pending prior to this lawsuit being filed.  The instant motion is plainly not made to delay any relief to which Plaintiff may be entitled, or to cause harm, but instead to allow counsel a reasonable amount of time to conduct the necessary discovery and time to file a proper response.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:    /s/E. Bruce Johnson
        E. BRUCE JOHNSON
        FLA. BAR NO. 262137

BY:    /s/Scott D. Alexander
        SCOTT D. ALEXANDER
        FLA. BAR NO. 057207
        JOHNSON, ANSELMO, MURDOCH,
        BURKE, PIPER & HOCHMAN, P.A.
        **Attorneys for Defendant, City**
        2455 East Sunrise Boulevard, Suite 1000
        Fort Lauderdale, FL 33304
        954/463-0100 Telephone
        954/463-2444 Facsimile
        Johnson@jambg.com / Young@jambg.com
        Alexander@jambg.com

## SERVICE LIST

**MATTHEW W. DIETZ, ESQ.**
DISABILITY INDEPENDENCE GROUP, INC.
2990 SW 35th Avenue
Miami, FL 33133
(305) 669-2822 (Phone)
(305) 442-4181 (Fax)
mdietz@justdigit.org
aa@justdigit.org


**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
alexander@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)