IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 19-CV-80825-DMM

JENNIFER QUASHA, on behalf of her
son, H.Q., a minor

    Plaintiffs

vs.

CITY OF PALM BEACH GARDENS, FLORIDA

    Defendants
_____/

**RESPONSE TO DEFENDANT, MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW, Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q., by and through undersigned counsel, and hereby file her response in opposition to Defendant's, CITY OF PALM BEACH GARDENS Motion for Extension of Time to Respond to Motion for Preliminary Injunction [DE-13], and states as follows:

The motion for enlargement for preliminary injunction is filed solely to delay this proceeding and to deny H.Q. the ability to play T-Ball in the PBGYAA T-Ball league, without any showing of harm whatsoever by PBGYAA, and without any good cause for a delay. On August 5, 2019, Plaintiff filed an Expedited Motion for Preliminary Injunction [DE-12], and the response should be due on August 19, 2019. Each of the arguments will be addressed seriatim:

    **I.**    **Merits of the issue:**

The Defendant states that it is not debating the issues, but then continues to do so. However, both of their arguments are specious, and should not delay an adjudication on injunctive relief.

### a. Playing in the City of North Palm Beach

While segregating H.Q. (and his team) from the facilities of Palm Beach Gardens would be a violation of 28 C.F.R. 35.130(b)(iv), as it would be different or separate benefits when such actions would not be necessary to provide such services, and it would not be equal to that afforded others under 35.130(b)(ii), and the city is determine the site or locations that have the effect of excluding individuals with disabilities under 35.130(4).

However, even the factual basis is incorrect. On *the same day* that the undersigned filed this motion, Mr. Alexander sent back an email which stated, "The City never proposed having H.Q. play in any league but the PBGYAA. In fact, not only did they not recommend shipping him to some city of NPB League, but NPB didn't even have a league at the time." See Exhibit "A" attached hereto. However this was demonstrably incorrect, the undersigned sent to Mr. Alexander the contemporaneous email on January 17, 2019 from Tony Badala which stated, "The solution I proposed was not to move him to a different league, but rather to have him play on our team that plays at the North Palm facility (thru our interleague agreement this year) as it is a much smaller location and we have a lot more controls over what is brought into that facility and can better ensure that we are able to provide him a safe peanut free environment…." See Exhibit "B" hereto. In fact, the persons who play at the North Palm Beach field are not H.Q.'s friends and neighbors. See Exhibits "B". Lastly, according to PBGYAA's own website, all of their baseball games are played at the Gardens Field. See Exhibit C

### b. Precluding peanuts in the park.

The issue that H.Q. had was touching peanuts and eating peanuts. The problem in the preliminary injunction was that there were peanut shells that were customarily thrown in the dugout. Last Fall, the PBGYAA did not sell peanuts until H.Q.'s game was over, and swept out

the peanuts from the dugout. This accommodation worked for H.Q. Last year, people did not bring in bags of roasted peanuts from home and decided to throw their peanut shells in the dugout when the six year olds were playing t-ball. The argument that the space needs to be cleansed of all microscopic allergens is not within the scope of what the request for accommodations was.

## II.     Reasons for seeking the extension

This is a newly filed case and Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., assigned two persons on this matter, Mr. Alexander and Mr. E. Bruce Johnson. Mr. Alexander provided his schedule, but not Mr. Johnson, or the fourteen other non-retired members of his firm. The firm also specializes in "high quality and cost-effective representation to governmental …clients" See http://jambg.com/. The undersigned provided Mr. Alexander notice of the motion on the 30th, and apparently, from the emails, spent time on this on Tuesday the 6th as well. The due date for the response is August 19th, and as such dates thereafter are irrelevant.

## III.    Discovery

The defendant has not stated why discovery is necessary for responding to the preliminary injunction, or why the depositions of the parents would be necessary. However, the undersigned offered next week for the taking of the depositions of the parents if necessary. There is no reason why the defendant could not devise one legal defense as to why this was not discrimination, or one rationale on how not selling peanuts would work any hardship to the Defendants.

## IV.    Delay

The delay was due to the fact that the Plaintiff attempted to go through the informal resolution process and attempt to resolve this action first prior to suing. This should be refreshing to defendants in ADA cases. The decision in the administrative complaint was on May 9th, and the Plaintiffs found an attorney the suit was filed in two months. After filing the detailed suit, it

was contemplated that H.Q. could play, but the Defendant decided to file a motion to dismiss based on law superseded by statute, and an answer claiming that the City had no control over activities within its own park, and that H.Q. could play in a separate park because of his disability, and as such, Plaintiff had no alternative but to file an injunction.

**Memorandum of Law**

Rule 6(b) permits a court to enlarge time when good cause is shown. The Defendant has shown no cause when the other attorney on this case, Mr. Johnson, or the other members of this sizable firm in this newly filed case cannot assert one defense on behalf of this City that would outweigh the right of this child to use the City's facilities without harm. In this case, the balancing of the equities and the lack of any colorable argument as to why an injunction should not be granted weighs against any further delay.

WHEREFORE, Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q. respectfully requests that this Court DENY Defendant's Motion for Extension of Time to Respond to Plaintiff's Expedited Motion for Preliminary Injunction, and grant such further relief as this Court deems just and equitable.

Respectfully submitted this 9th day of August, 2019.

By: s/ *Matthew W. Dietz*
Matthew W. Dietz, Esq.
FL BAR NO.: 0084905

*Quasha v. City of Palm Beach Gardens, FL*
*CASE NO.: 19-CV-80825-DMM*
*Page 5 of 5*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

>DISABILITY INDEPENDENCE GROUP, INC.
>2990 Southwest 35th Avenue
>Miami, Florida 33133
>Phone (305) 669-2822
>Facsimile (305) 442-4181
>E-Mail: mdietz@justdigit.org
>           aa@justdigit.org
>
>By:    s/ *Matthew W. Dietz*
>        Matthew W. Dietz, Esq.
>        FL BAR NO.: 0084905