IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:19-cv-80825-DMM

JENNIFER QUASHA, on behalf of her
son, H.Q., a minor

    Plaintiffs

vs.

CITY OF PALM BEACH GARDENS, FLORIDA

    Defendants
_____/

## NOTICE OF FAILURE TO SUBMIT A RESPONSE AND PROPOSED ORDER ON PRELIMINARY INJUNCTION

COMES NOW, Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q, by and though undersigned counsel, and pursuant to Local Rule 7.1(c) files this notice that the Defendant, CITY OF PALM BEACH GARDENS, FLORIDA, failed to file a response to the Expedited Motion For Preliminary Injunction (DE 12), and respectfully submits this proposed order attached hereto as Exhibit "A", and states as follows:

1. On August 5, 2019, Plaintiffs filed and Expedited Motion for a Preliminary Injunction against Defendant [DE-12], as such Defendant's **response due on or before August 19, 2019**.

2. On August 9, 2019, Defendant filed a Motion for Enlargement of Time to file their response to Plaintiff Expedited Motion for a Preliminary Injunction, [DE-13].

3. On August 9, 2019, Plaintiff filed their response and position to Defendant's Motion for Enlargement to file their response [DE-15].

4. On August 12, 2019, Defendant filed a responsive Memorandum of Law in Support to their Motion for Extension of Time [DE-16].

*Quasha v. City of Palm Beach Gardens, FL*
*Case No.: 19-cv-80825-DMM*
*Page 2 of 3*

5. On August 14, 2019, Plaintiff filed a Notice of Filing Supplemental Authority in Support to their Response to Defendant's Motion for Enlargement of Time [DE-17].

6. On August 16, 2019, Defendant filed a Notice that Plaintiffs are scheduled for Deposition [DE-20], without specifying any reason how the depositions would be determinative or relevant with regards to the motion for preliminary injunction.

7. On August 19, 2019, the Court has not ruled on Defendant's Motion for Enlargement of Time.

In each of the memorandum for enlargement of time to respond to the expedited motion for enlargement of time, the defendant elaborates on its defenses in this matter. However, Local Rule 7.1 (c) provides in relevant part, "...each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." Thus, in this case, because the Defendants have failed to file a response to this motion, the Court should review the motion to determine that it meets the requirements of Rule 65, and grant the expedited relief requested by the Plaintiff.

Respectfully submitted this 20th day of August, 2019.

By: s/ *Matthew W. Dietz*
Matthew W. Dietz, Esq.
Florida Bar No. 84905

*Disability Independence Group, 2990 Southwest 35th Avenue, Miami, Florida 33133*

*Quasha v. City of Palm Beach Gardens, FL*
*Case No.: 19-cv-80825-DMM*
*Page 3 of 3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record in the herewith service list, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

> DISABILITY INDEPENDENCE GROUP, INC.
> 2990 Southwest 35th Avenue
> Miami, Florida 33133
> Tel:  (305) 669-2822
> Fax:  (305) 442-4181
> Email: Mdietz@justDIGit.org
>              aa@justdigit.org
>
> By: s/ *Matthew W. Dietz*
> MATTHEW W. DIETZ, ESQ.
> Florida Bar No.: 0084905