IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 19-CV-80825-DMM

JENNIFER QUASHA, on behalf of her
son, H.Q., a minor

    Plaintiffs

vs.

CITY OF PALM BEACH GARDENS, FLORIDA

    Defendants
_____/

## MOTION TO COMPEL

COMES NOW, the Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q., by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, moves to compel discovery from Defendant, CITY OF PALM BEACH GARDENS, FLORIDA (hereinafter "City, states as follows:

### I.  Procedural History

1. On September 4, 2019, the Plaintiff propounded Interrogatories and Request for Production, attached hereto as Exhibits A and B.

2. On October 3, 2019, the Defendant served their responses to the Request for Production and Interrogatories, attached as C and D, which were wholly non-responsive.

3. On October 4, 2019, the undersigned sent a good faith letter to obtain the omitted discovery.

4. On October 10, 2019, counsel sent correspondence re-asserting the objections and emphasizing the voluminous nature of each of the requests.

*Disability Independence Group, Inc.  * 2990 Southwest 35th Avenue * Miami, Florida 33133*

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 2 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 2 of 10*

## II.     Background

This matter involves a reasonable accommodation request under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act on behalf of a six year-old boy who would like to be a part of a T-Ball league in the City of Palm Beach Gardens, and cannot participate because the City of Palm Beach Gardens insists on the ability to sell peanuts at the City's recreation facility at Gardens Park. In the answer and affirmative defenses and the response to the preliminary injunction in this matter, the defenses of the governmental entity are clear:

(1) The City does not have control over the operation of the Palm Beach Gardens Youth Athletic Association PBGYAA programs on its fields (affirmative defense ¶ 51);

(2) The City does not "own, control or govern" the operation of the concession stands in its park facility (affirmative defense ¶ 46);

(3) It would be an "undue hardship" to the City to not sell peanuts at Gardens Park (affirmative defense ¶ 48)

(4) There is an agreement with the City of North Palm Beach with regards to interleague play

(5) The City afforded H.Q. one or more reasonable accommodations; and

(6) These programs of the city receive no federal funding. (Aff. Defenses ¶ 54)

(7) H.Q. does not does not have a disability.

The Defendant served no documents relating to any of the items requested by the Plaintiff. Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 3 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 3 of 10*

discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1).

**Request for Production # 2**

> 2. From 2017 to the present, all documents which refer to the PBGYAA, including, but not limited to emails, memorandum, budget items, resolutions, meeting minutes, meeting agendas, contracts, correspondence, electronic meeting agenda reminders, advertisements of PBGYAA programs and services.
>
> Response: Defendant objects to this request as overbroad, unduly burdensome and for failing to state, with reasonable particularity, which documents are sought. Without waiving this objection, the City will make available for inspection and copying all public records, including financial budgets, resolutions, commission meeting agendas and minutes, at City Hall.

Plaintiff's response to Objection:

> The City has staff members assigned to their PBGYAA league and would have knowledge and possession of all documentation relating to the league and the city's communications, agendas, minutes, contracts, and the like. To state that I could have general access to the public records without specifically providing me with the file cabinet where these items are located is just stonewalling. The staff that deals with the league and the city manager have greater knowledge of the terms used in their daily discussions, and i will not limit myself to words rather than subject areas. Lastly, there is no obligation to follow section 119 with regards to formal discovery requests.

The City's further response was as follows:

> The City does not have access to the PBGYAA documents, however it does have literally thousands of email correspondence that IT can begin compiling if needed. It can pull permit history by using PBGYAA Youth Provider or Sport number. Once a season is approved, the software program creates an individual permit for each date and field being used during that approved time period. However, when you are talking about every season for every sport, travel and local, it is literally thousands. Given the nature of the issues in this case, having thousands of emails downloaded and printed, including every individual permit, seems extremely overbroad. Without asking you to reveal any legal strategy, perhaps you can explain what you need or limit your request so that it is not literally seeking an individual permit for each date and field being used for every sport for all seasons, a request that almost seems punitive towards the City to compile giving the issues in this case.

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 4 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 4 of 10*

As for the request for all emails involving PBGYAA, since 2017, there are several members of City staff that send numerous emails every day involving PBGYAA issues, including field striping, park maintenance, scheduling, opening parks, closing parks, garbage pickup, mowing, etc... most of which would not bear on any issues in this case. These staff include:
- Daniel Prieto, Deputy Leisure Services Administrator
- Tim Ford, Operations Manager-Athletics
- Lyndsey Marsh, Sports Supervisor (direct contact)
- Gabe Cires, Recreation Supervisor- Athletics
- Cory Wilder, Director of Public Services, formerly Parks Manager
- Parks Maintenance Staff
  o Ricky Rich
  o Michael Rowland
  o John Whitehead
  o Marcus Dingers
  o Chauncey Mathis

To literally pull and print all of their emails involving local youth sports issues since 2017 would be in the multiple thousands of emails which, again, virtually all or perhaps none would be pertinent to the issues in this case. We ask that you limit the nature, scope and timeframe of this request since, given the volume of materials that would be responsive, it is overbroad and unduly burdensome as phrased. We would not require a formal discovery request to be propounded, but just a specification of a reasonable limitation of the current request.

The city tendered another response attached hereto as Exhibit E.

**Argument**

The City's position is that it does not have control over the PBGYAA sports leagues on its property, and does not have control over the concession stand. It reasserts that the PGBYAA is an independent entity. If there are literally "multiple thousands of emails" relating to the operation of the youth sports league, as well as numerous memorandum, then their defenses are without basis. In their first response, the City states:

> the City will make available for inspection and copying all public records, including financial budgets, resolutions, commission meeting agendas and minutes, at City Hall.

But in their most recent explanation, attached as Exhibit E, the city states:

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 5 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 5 of 10*

> The City does not have any memoranda, budget items, resolutions, meeting minutes, meeting agendas, contracts (including contracts with other leagues and governmental entities for sports play), electronic meeting agenda reminders, or advertisements pertaining to PBGYAA.

As demonstrated even by the explanation of the emails being withheld, the City provides an integral part of the programs and services of the league play on the City's fields. As such, as long as the City claims that the PBGYAA is "independent" from the City, these documents are both relative and probative.

"The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production." Glatter v. MSC Cruises S.A., No. 18-62219-CIV, 2019 WL 1300896, at *2 (S.D. Fla. Feb. 7, 2019); see also Broadbandone, Inc. v. Host.net, Inc., No. 12-80604-CIV, 2013 WL 12096358, at *1 (S.D. Fla. May 30, 2013); In other words, the respondent "must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc., No. 05-60860-CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007).

To the extent that the emails are multiple thousands of emails, such emails will be relevant as to the degree and scope of control that the City has over the PBGYAA league, concessions, funding, accommodations, and the degree that the PBGYAA is a program and service of the City, and such document must be produced. This would also demonstrate whether the City has agreements with any facility outside of the city with its league. To the extent that some of the city's documents are subject to inspection, the City cannot direct the undersigned to a room and say have at it. The City must compile and produce the documents as kept in the ordinary course of business and provide a description of the manner in which the documents are organized by the

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 6 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 6 of 10*

producing party. Advanced Sys., Inc. v. Advanced Fire & Sec., Inc., 17-CV-61766, 2018 WL 7048023, at *2 (S.D. Fla. May 23, 2018); Teledyne Instruments, Inc. v. Cairns, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *9 (M.D. Fla. Oct. 25, 2013).  The purpose of this is to allow ready access, "a production of documents as kept in the ordinary course of business should permit a 'systemized retrieval of relevant documents.'" Teledyne Instruments, Inc, 2013 WL at *9

Request for Production # 3:

> 3. From 2017 to the present, all correspondence to and from Lyndsey Marsh referring or relating to the Palm Beach Gardens Youth Athletic League, any sports events conducted by members, staff, officers, or volunteers of the PBGYAA, or any child who was involved in programs of the PBGYAA.
>
> RESPONSE: Defendant objects to this request as irrelevant and overbroad as emails and correspondence to and from Lyndsey Marsh relating to the PBGYAA are likely in the thousands, and scant few, if any, would have any relevance to this case. This request is thus a "fishing expedition." Without waiving this objection, the City will provide these thousands of emails to Plaintiff subject to reimbursement as set forth in and allowed by Chapter 119, Florida Statutes. Alternatively, the City will search for any emails to and from Lyndsey Marsh with search terms as follows: "ADA, disability, allergy, peanut, Quasha" (or any other reasonably related terms requested by Plaintiff) and produce.

There was additional argument in Exhibit "E" relating to Lindsay Marsh.  The Defendant invited counsel to review the emails of Ms. Marsh at a terminal at City Hall.

Ms. Marsh is the city employee who is the liaison between PBGYAA and the City.  In this response, however, the defendant agrees to produce all of the documents subject to the administrative procedures of the Florida Records Act, or alternatively produce a more limited scope though the Federal Discovery Process.  Florida courts have consistently distinguished between the acquisition of public documents under chapter 119 with the rights of discovery afforded a litigant by judicially-created rules of procedure. Resier v. Wachovia Corp., 2007 WL 1696033 *2 (M.D.Fla., June 12, 2006); White v. City of Fort Lauderdale, 08-60771-CIV, 2009

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 7 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 7 of 10*

WL 1298353, at *5 (S.D. Fla. May 8, 2009); Wait v. Fla. Power & Light Co., 372 So.2d 420, 425 (Fla.1979); B.B. v. Dep't of Children & Family Servs., 731 So.2d 30, 34 (Fla. 4th Dist.Ct.App.1999). There is no basis for requiring the plaintiff to reduce his discovery rights based on an inapplicable law.

Furthermore, to the extent that the documents are emails, all emails and the mailbox can be downloaded onto a flash drive, either by the Defendant or the Plaintiff's designee, instead of being viewed at the time and convenience of the Defendant. Since there is no expectation of privacy on the email server under Chapter 119, such items can be copied without concern.

**Request for Production # 9 and Interrogatory # 4**

> 9. All federal grant applications and awards received by the City of Palm Beach Gardens from 2015 to present.
>
> RESPONSE: None.
>
> 4. Please state each federal grant the City of Palm Beach Gardens received as either the main grantee or a sub-recipient, and for each grant, please state the name of the grant, the grant number, and the agency that provided the grant.
>
> **Answer**: Defendant objects to interrogatory number 4 as overbroad in subject matter, time frame and scope, and unduly burdensome. The City of Palm Beach Gardens has been incorporated for more than fifty (50) years. Without waiving this objection, the City has not received any federal recreation related grants during the last five fiscal years. The City received a $50,000 state grant in January 2018 from the Florida Department of Environmental Protection through the Florida.

The undersigned's further request:

> 2. All grant funding is public record and the city easily has listings of all grants, and audits for all grants pursuant to federal grant requirements. The audits for each year should contain a listing of each grant received by the city. As such, please provide me the listing of the audits for the past three years, And I could advise which grant packages that I would like.

The Defendant's reply:

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 8 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 8 of 10*

> As for the issue of grant funding, the issue is that there is no time frame limitation and the request, as phrased, would encompass grants from the 1960's. I ask that you please provide a reasonable time frame for which you are seeking this information, which can be done by email, without propounding a new request. Upon agreement that the time frame is reasonable, we will make the information available within a week at City Hall as it is kept in the ordinary course of City business.

For the next ten days, counsel has been going back and forth with counsel with the defendant, and either there is a miscommunication or deliberate effort to obfuscate, but the bottom line is that the Plaintiff agreed to limit interrogatory # 4 to 2015 to the present.

The Defendant's budget category entitled "Federal Grants, General Government" is numbered account #011.331.1000. For each year from 2015 to the present, federal grant amounts and the designation of such amounts are placed in this category. So for each entry into this account that is a federal grant or subgrant, there would be name of the grant, the grant number, and the agency that provided the grant. Such information would be responsive to Interrogatory # 9. For each of the entries listed in interrogatory #9, the grant applications and awards should be in possession of the Defendant. Accordingly, from such information, the Plaintiff can account for all of the federal funds received, and from the grant applications and awards, determine which grants were earmarked and spent for the benefit of parks and recreation program of the Defendant. In response to this inquiry, the Defendant is providing the Plaintiff trickles of invoices and checks paid from Community Block Development Grants and the Defendant's yearly financial reports.

**Argument**:

This interrogatory and similar request for production is relevant to determine if this program or service of the city receives any federal financial assistance, either directly or indirectly. The Rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 9 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 9 of 10*

denied the benefits of, or be subjected to discrimination under any activities receiving Federal financial assistance." 29 USC § 794(a).  With respect to Section 504 of the Rehabilitation Act, once the Defendant receives federal funding, it has consented to suit, and thus waived both Eleventh Amendment and Sovereign immunity, by receiving federal funds. <u>Garrett v. Univ. of Ala. at Birmingham Bd. of Trs</u>., 344 F.3d 1288, 1290-91 (11th Cir. 2003).  The Plaintiff must be permitted to determine which program or service of the city receives the grant.  The Eleventh Circuit addressed this in <u>McMullen v. Wakulla Cty. Bd. of Cty. Comm'r</u>, 650 F. App'x 703, 706 (11th Cir. 2016)

> We therefore find that "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government," 29 U.S.C. § 794(b)(1)(A), sweeps broader than our previous interpretation under <u>Doyle</u>. But the ordinary meaning of these terms cannot be construed to mean the County as a whole, as Plaintiff suggests. The relevant unit is "a department, agency, special purpose district or other instrumentality" of the County, such as the Fire Rescue Department. So, if any operation of that Department—including fire services, EMS, or animal control—receives federal funds, the whole Department is covered by the Rehabilitation Act. On the other hand, Plaintiff cannot rely on funds received by other County departments unconnected to his claim to show that the Rehabilitation Act applies.

Id.  The Defendant should obviously be able to list the derivation of the funds it receives as a grantee or subgrantee of the federal government, especially where the funding is accounted for in one budget entry, and secondly, it should have the backup documentation of where it advised the federal government of where is requested to use the money that is requested.

Case 9:19-cv-80825-DMM   Document 31   Entered on FLSD Docket 10/22/2019   Page 10 of 10

*Quasha v. City of Palm Beach Gardens, FL*
*Motion to compel*
*Page 10 of 10*

WHEREFORE, Plaintiffs respectfully request that the Defendants respond to such discovery which is set for the second week of November, and grant such relief that this court deems just and equitable, including fees and costs for such discovery.

### Certificate of Conference

Pursuant to Local Rule 7.1 the undersigned has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and the Defendant opposes the relief sought herein.

By: /s/ *Matthew W. Dietz*
Matthew W. Dietz, Esq.
Fla. Bar No.: 0084905

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record in the herewith service list, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Tel:  (305) 669-2822
Fax:  (305) 442-4181
Email: Mdietz@justDIGit.org
aa@justdigit.org

By: s/ *Matthew W. Dietz*
MATTHEW W. DIETZ, ESQ.
Florida Bar No.: 0084905