# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE #: 9:19-cv-80825-DMM**

JENNIFER QUASHA, on behalf of
her son, H.Q., a minor,

     Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
FLORIDA,

     Defendant.

_____/

## DEFENDANT, CITY OF PALM BEACH GARDENS', RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

    COMES NOW Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned attorneys and files this Response to Plaintiff's First Request for Production certified as being electronically on September 3, 2019.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 3, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY: _____
E. BRUCE JOHNSON
FLA. BAR NO. 262137
SCOTT D. ALEXANDER
FLA. BAR NO. 057207
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant, City**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100 Ph / (954) 463-2444 Fax
Johnson@jambg.com / Young@jambg.com

JENNIFER QUASHA, et al. v CITY OF PALM BEACH GARDENS, FLORIDA
CASE #: 9:19 cv 80825-DMM
Defendant's Response to First Request for Production

## SERVICE LIST

**MATTHEW W. DIETZ, ESQ.**
DISABILITY INDEPENDENCE GROUP, INC.
2990 SW 35th Avenue
Miami, FL 33133
(305) 669-2822 (Phone)
(305) 442-4181 (Fax)
mdietz@justdigit.org
aa@justdigit.org

**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
alexander@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)

JENNIFER QUASHA, et al. v CITY OF PALM BEACH GARDENS, FLORIDA
CASE #: 9:19 cv 80825-DMM
Defendant's Response to First Request for Production

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION

1. From 2010 to the present, any and all contracts, agreements, or memorandum of understanding between the Defendant and the PBGYAA.

   **RESPONSE: None.**

2. From 2017 to the present, all documents which refer to the PBGYAA, including, but not limited to emails, memorandum, budget items, resolutions, meeting minutes, meeting agendas, contracts, correspondence, electronic meeting agenda reminders, advertisements of PBGYAA programs and services.

   Response:     **Defendant objects to this request as overbroad, unduly burdensome and for failing to state, with reasonable particularity, which documents are sought. Without waiving this objection, the City will make available for inspection and copying all public records, including financial budgets, resolutions, commission meeting agendas and minutes, at City Hall.**

3. From 2017 to the present, all correspondence to and from Lyndsey Marsh referring or relating to the Palm Beach Gardens Youth Athletic League, any sports events conducted by members, staff, officers, or volunteers of the PBGYAA, or any child who was involved in programs of the PBGYAA.

   RESPONSE: **Defendant objects to this request as irrelevant and overbroad as emails and correspondence to and from Lyndsey Marsh relating to the PBGYAA are likely in the thousands, and scant few, if any, would have any relevance to this case. This request is thus a "fishing expedition." Without waiving this objection, the City will provide these thousands of emails to Plaintiff subject to reimbursement as set forth in and allowed by Chapter 119, Florida Statutes. Alternatively, the City will search for any emails to and from Lyndsey Marsh with search terms as follows: "ADA, disability, allergy, peanut, Quasha" (or any other reasonably related terms requested by Plaintiff) and produce.**

JENNIFER QUASHA, et al. v CITY OF PALM BEACH GARDENS, FLORIDA
CASE #: 9:19 cv 80825-DMM
Defendant's Response to First Request for Production

4.  Any and all documents sent by or received from any volunteer, employee, or board member of PBGYAA to the Defendant relating to H.Q. or Dr. or Mrs. Quasha.

    **RESPONSE: None.**

5.  Any documents in the possession of the Defendant relating to H.Q. or Dr. or Mrs. Quasha.

    **RESPONSE: Defendant objects to this request to the extent that it possesses correspondence to and from counsel relating to the Quasha family. Without waiving this objection, to be provided in electronic format.**

6.  Any and all of H.Q.'s educational records, including, but not limited to reports, memorandum, letters, photographs, videos or any other document, electronic or recorded media, which was made in the course of H.Q. attending his school.

    **RESPONSE: None.**

7.  From 2015 to present, all contracts or agreements for the operation of the concession stand at Gardens Park at 4301 Burns Road.

    **RESPONSE: None.**

8.  All contracts, agreements, or correspondence relating to the use of property outside of the City of Palm Beach Gardens for programs and activities of the PBGYAA.

    **RESPONSE: None.**

9.  All federal grant applications and awards received by the City of Palm Beach Gardens from 2015 to present.

    **RESPONSE: None.**

10. The interleague agreement as described in the email from Tony Badala in his email dated January 17, 2019, related to the PBGYAA team that plays in the North Palm Facility.

    **RESPONSE: None.  May be within the possession of the PBGYAA.**

JENNIFER QUASHA, et al. v CITY OF PALM BEACH GARDENS, FLORIDA
CASE #: 9:19 cv 80825-DMM
Defendant's Response to First Request for Production

11. From 2015 to the present, all documentation related to accommodation requests made by persons who claimed to have an allergy, the responses thereto and the resolution of the request.

    **RESPONSE:  None.**

12. From 2010 to present, please produce all non-employment related complaints against the City of Palm Beach Gardens relating to violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, The Florida Civil Rights Act, or Chapter 15 of the Palm Beach County Code.  This includes but is not limited to complaints filed in Federal Courts, State Courts, Administrative tribunals, or complaints pursuant to grievance procedures required under these laws of federal grants.

    **RESPONSE:  Documentation available via ECF: Case No. 19-cv-80053-DMM.  Other than contained there, none known or recalled by City staff.**