# EXHIBIT "E"

LAW OFFICES

## JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.

A PROFESSIONAL ASSOCIATION

| | | |
|---|---|---|
| DAMIAN H. ALBERT, P.A.<br>SCOTT D. ALEXANDER, P.A.<br>MICHAEL T. BURKE *<br>SELENA A. GIBSON<br>HUDSON C. GILL, P.A.<br>JEFFREY L. HOCHMAN, P.A.<br>DUCHANT JOHNSON<br>_____<br>* BOARD CERTIFIED CIVIL TRIAL LAWYERS | 2455 EAST SUNRISE BOULEVARD<br>SUITE 1000<br>FORT LAUDERDALE, FL 33304<br>_____<br>(954) 463-0100   Broward<br>(305) 945-2000   Dade<br>(561) 640-7448   WPB<br>TELECOPIER (954) 463-2444 | E. BRUCE JOHNSON *<br>MELISSA L. JOHNSON<br>W. HAMPTON JOHNSON IV, P.A.<br>MICHAEL R. PIPER *<br>JONATHAN H. RAILEY<br>DAVID M. SCHWEIGER, P.A.<br>CHRISTOPHER J. STEARNS, P.A.<br>_____<br>*RETIRED:*<br>RONALD P. ANSELMO<br>BURL F. GEORGE<br>ROBERT E. MURDOCH |

October 15, 2019

Mr. Matthew Dietz
Disability Independence Group, Inc.
2990 S.W. 35th Avenue
Miami, FL 33133

     Re:    Quasha Discovery Issues

Dear Mr. Dietz:

    In our continued good faith effort to resolve discovery issues without involving the court, below is a further explanation of some issues which may further clarify or narrow the issues.

**Request for Production #2**
The City does not have any memoranda, budget items, resolutions, meeting minutes, meeting agendas, contracts (including contracts with other leagues and governmental entities for sports play), electronic meeting agenda reminders, or advertisements pertaining to PBGYAA. The PBGYAA is an independent entity that produces sports leagues in Palm Beach Gardens, and the City provides the fields. This continued relationship has essentially been a handshake agreement and mutual understanding. The City does not own, control, or maintain anywhere within its possession the PBGYAA documentation being sought. Plaintiff has already sought that documentation via a non-party subpoena to the PBGYAA, and that is the same manner in which I would procure the information if I required it for the defense of the City.

The City has literally thousands of emails that would fall within the realm of "refer to the PBGYAA" which could involve asking city employees to mow, stripe, take out garbage, scheduling issues, weather matters, permitting, and so forth at parks that are utilized by PBGYAA. There are 11 leagues in both the spring and fall, and baseball is just a minor part of that. We ask that Plaintiff reasonably limit the request to the baseball leagues and/or to issues involving concessions.

We have forwarded the financial budgets and Plaintiff is welcome to inspect all commission meeting minutes at City Hall for the 2017 to present time period.

On the issue of permits, given the amount of leagues, there are thousands of permits. **I have asked the City staff to provide me with a condensed listing of just the baseball permits from 2017 to present, and that condensed listing alone is hundreds of pages, and it is attached for**

**your review.** To produce all permits for all sports for 3 years is extremely burdensome and overbroad.

**Request for Production #3**
Plaintiff essentially seeks every email sent and/or received by Lindsey Marsh over a 3-year period. Again, I am advised that there are thousands of emails pertaining to an array of issues of youth sports, for 11 leagues in two separate seasons. We ask that Plaintiff limit the request to baseball and/or issues involving concessions. Alternatively, in lieu of producing the documents (which is what is requested at present), the City will make a terminal available at City Hall for you or your designee to review the email account of Marsh for a period of 3 years, in order to select which emails will be produced. Again, that would entail reviewing literally thousands of emails over several days.

It is estimated that the majority of Marsh's emails pertain to youth sports, and so it is not feasible to have city staff review her thousands of emails and remove that percentage that does not, leaving the only option being to schedule a review of all of her emails.

**Request for Production #5**
Besides the emails previously provided, my paralegal is currently printing hundreds of emails which refer or pertain to Quasha, and they will be provided today. A privilege log was sent yesterday. We have no dispute.

**Request for Production #9 / Interrogatory #4**
Neither the City nor the PBGYAA receive any federal assistance pertaining to PBGYAA recreation programs. The grant referenced in #4 was not federal and so there is no inconsistency. Asking the City to research and produce all grant information since the beginning of its incorporation 50 years ago is overbroad, unduly burdensome and does not seek information reasonably calculated to lead to the discovery of admissible evidence in this case. We stand by our objection to request for production #9.

Very truly yours,

*/s/Scott D. Alexander*

Scott D. Alexander
For the Firm