UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80825-CIV-MIDDLEBROOKS

JENNIFER QUASHA, on behalf of her
son, H.Q., a minor,

    Plaintiff,

v.

CITY OF PALM BEACH GARDENS,
FLORIDA,

    Defendant.
_____

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon a Motion to Dismiss filed by Defendant City of Palm Beach Gardens ("Defendant") on July 19, 2019. (DE 7). Plaintiff Jennifer Quasha ("Ms. Quasha"), on behalf of her son, H.Q., responded on July 24, 2019. (DE 10). Defendant did not reply. For the following reasons, this Motion is denied.

### BACKGROUND

This is a case arising from Defendant's alleged discriminatory practices against H.Q., a six-year-old boy with a severe peanut allergy. (DE 1 ¶¶ 1, 8, 10, 36, 42) (describing H.Q.'s allergy as "deadly").

In the fall of 2018, H.Q. began playing T-Ball at a field in Gardens Park. (DE 1 ¶ 1). He enjoyed the game and was friends with the players on his team. (DE 1 ¶ 9). H.Q.'s mother, Mrs. Quasha, contacted Palm Beach Gardens Youth Athletic Association ("Athletic Association") and requested accommodations as a result of H.Q.'s allergy. (DE 1 ¶ 10). Ms. Quasha and the Athletic

Association reached an agreement wherein 1) "the dugouts would be swept prior to first use of the day;" 2) H.Q.'s team was scheduled to play the first game of the day on each gameday; 3) peanuts would not be sold until the end of the first game; and 4) the parent/coach volunteer would be informed of HQ's allergy. (DE 1 ¶11). After this agreement was reached, the Fall T-ball Season concluded "without any further requests or complaints related to H.Q.'s peanut allergy." (DE 1 ¶ 12).

However, when it came time for the Spring Season, the same accommodations were not offered. (DE 1 ¶ 15). The Athletic Association offered instead to schedule all of H.Q.'s games at the North Palm Beach Fields, where no peanuts were sold. (DE 1 ¶ 16). Alternatively, H.Q. could stay at Gardens Park and the dugout would continue to be swept, but H.Q.'s team would not be guaranteed to always play in the first game of the day and peanuts would still be sold at the concessions stand. (DE 1 ¶ 16). In their final offer, Defendant City offered to provide brooms at the concession stand for parents and volunteers to use, and to install signs informing patrons that "children with food allergies are present and encouraging them to place their peanut shells into trash receptacles." (DE 1 ¶ 18).

H.Q.'s parents refused these accommodations "as it was important for H.Q. to play with his friends at the new and improved facilities than with a different T-Ball League in the City of North Palm Beach." (DE 1 ¶ 16). Ms. Quasha, on behalf of H.Q., brings this case alleging two causes of action: 1) violation of Title II the Americans with Disabilities Act 42 U.S.C. § 12101 et. seq. ("ADA"), and 2) violation of Section 504 of the Rehabilitation Act of 1973. In support of dismissal, Defendant argues that Plaintiff's peanut allergy does not qualify as a disability under the ADA.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and assume the truth of plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient).

## DISCUSSION

Defendant argues that a peanut allergy is not a disability under the ADA. However, in support Defendant cites cases decided prior to 2008, the year in which amendment to the ADA occurred.[1] *Land v. Baptist Med. Ctr.*, 164 F.3d 423 (8th Cir. 1999); *Robinson v. Global Marine Drilling Co.*, 101 F.3d 35 (5th Cir. 1996). In 2008, Congress enacted the ADA Amendments Act of 2008 (the "ADAAA"). Pub.L. No. 110–325, 122 Stat. 3553. In enacting the ADAAA, Congress indicated that one of its purposes was to reject the "inappropriately high level of limitation necessary to obtain coverage under the ADA." PL 110–325 § 2(b)(5).

Now, the ADA includes as a qualifying disability any "impairment that is episodic or in remission . . . if it would substantially limit a major life activity when active." *See* 42 U.S.C. § 12102(4)(D). Among the most obvious major life activities is breathing. 42 U.S.C. § 12102.

Since this amendment, the Fourth Circuit has found that a boy with a "gluten sensitivity" was disabled under the ADA. *J.D. by Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 670 (4th Cir. 2019). In so finding, the Court rejected the argument that the boy was not disabled because he could "simply avoid foods that contain gluten." *Id.* The Ninth Circuit has echoed this conclusion, stating that "we must permit those who are disabled because of severe dietary restrictions to enjoy the protections of the ADA." *Fraser v. Goodale*, 342 F.3d 1032, 1041 (9th Cir. 2003) (finding that diabetes substantially limited "the major life activity of eating" and thus was entitled to accommodations in this regard).

---

[1] The one case cited by Defendant that was decided after 2008 itself does not address the ADA amendment nor does it cite any cases decided after 2008 in determining the standard for whether an employee is disabled under the ADA. *Slade v. Hershey Co.*, No. 1:09CV00541, 2011 WL 3159164 (M.D. Pa. July 26, 2011).

Although Plaintiff has not alleged the precise manner in which H.Q.'s peanut allergy manifests itself, taking the facts in the light most favorable to Plaintiff, there is sufficient support for a finding that H.Q.'s allergy would impair a major life activity, for example by restricting his airways and making it difficult to breath. Impairment of his breathing is particularly likely as the complaint alleges that his allergy is "deadly." (DE 1 ¶ 8). As the ADA allows for episodic disabilities, and as similar disabilities have been found to qualify under the ADA, I find that Plaintiff has sufficiently stated a claim for a qualifying disability under the ADA.

## CONCLUSION

Based upon the foregoing, and after careful consideration of Plaintiff's Complaint (DE 1), the Parties' written submissions, and the applicable law pertaining to the claims at issue, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 7) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 4 day of November, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE