UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE #: 9:19-cv-80825-DMM**

JENNIFER QUASHA, on behalf of
her son, H.Q., a minor,

      Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
FLORIDA,

      Defendant.

_____/

## DEFENDANT, CITY OF PALM BEACH GARDENS', MOTION TO COMPEL DEPOSITION TESTIMONY AGAINST NON-PARTY, MICHAEL GALLUCI

Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel, pursuant to this Court's Order Setting Discovery Procedure, moves for the entry of an Order compelling non-party, Michael Galluci, to provide deposition testimony, and states in support, as follows:

1.      This is a claim brought by Jennifer Quasha, as parent of H.Q., a minor with an alleged peanut allergy, asserting that the City of Palm Beach Gardens discriminated against H.Q. by not banning the sale of peanuts at its little league baseball park.

2.      The City of Palm Beach Gardens learned that H.Q. apparently does not require the level of protection from the presence of peanuts as Plaintiff contends.  Indeed, H.Q.'s elementary school provides a nut-free table in the cafeteria which H.Q. and his mother have decided that he need not avail himself of.  As far as Jennifer Quasha and the elementary school are concerned, H.Q. is safe from peanuts while sitting at an unrestricted table, even though one or more children may be seated at the table consuming foods that H.Q. is allergic to.

3. On August 27, 2019, Plaintiff, Jennifer Quasha, freely responded to questions about her permission for H.Q. to sit at a regular table, instead of the nut-free table. <u>See</u>, Exhibit "A," *J. Quasha Depo., pp. 5-11*. Plaintiff also testified about measures taken by H.Q.'s teacher, including inspection of other kids' lunchboxes.

4. In an effort to conduct further discovery as to how H.Q.'s allergies affect his life and school day, if at all, and whether and to what extent any arrangements are made for him in the school cafeteria by his teacher, Defendant scheduled the deposition of teacher, Michael Gallucci. Mr. Gallucci appeared for his deposition testimony, but refused to testify as to any discussions he has had with H.Q.'s family, or of H.Q.'s school and cafeteria arrangements. He interestingly though did note that he is not even present with the children in the cafeteria, which appears to be at odds with Plaintiff's testimony. <u>See</u>, Exhibit "B," *M. Gallucci Depo., p.10.*

5. Beyond the basic background information, Mr. Gallucci informed the parties that he would not give any testimony about H.Q.'s lunchroom arrangements, where he sits, why he sits at a table which is not nut-free, or any discussions on the topic he has had with Plaintiff. *Id, p. 14.* Notably, at the time of Gallucci's refusal, Plaintiff, Jennifer Quasha, and her attorney were present in the room, and neither voiced any objection, whatsoever, to Gallucci responding to the questions of defense counsel. Gallucci's justification for refusing to answer questions is that they potentially invaded protections afforded under "FERPA."

6. As defense counsel informed Mr. Gallucci at the deposition, however, FERPA would not provide a justification for refusing to answer the questions being posed, particularly where the mother was present, and did not oppose Gallucci providing responses.

7. Local Rule Certification: At the deposition, Plaintiff's counsel provided his position on the issue of Mr. Gallucci responding to the questions. He advised that the questions

being posed were part of the case, but that he was uncertain as to what Mr. Gallucci could answer without a School Board attorney present.

Wherefore, Defendant, City of Palm Beach Gardens, moves for the entry of an Order compelling Michael Gallucci to return for a deposition, to respond to questions being posed about his conversations with Plaintiff, and the cafeteria arrangements for H.Q., and for attorney's fees and costs incurred in connection with a second deposition.

## MEMORANDUM OF LAW

The Family Educational Rights and Privacy Act (FERPA), 20 U.S.C.§1232g, 34 CFR Part 99, is a Federal law that protects the privacy of student education records.   FERPA gives parents certain rights with respect to their children's educational records.   Generally, under the legislation, schools must have written permission from the parent in order to release any information about a student's education record.   One of the exceptions to releasing information from school education records is in order to comply with a lawfully issued subpoena.   33 CFR §99.31.

In the instant case, the questions posed to Mr. Gallucci do not fall within the protections of the legislation.   He was not asked to disclose any confidential information contained within an educational record (i.e. transcripts, grades, academic evaluations), but instead to recount conversations he had with the child's mother, and to verify the lunchroom arrangements already freely testified to by the mother, Jennifer Quasha.   Even if the questions encompassed protected information, the mother was present at the deposition with counsel, and had no objection, whatsoever, to Mr. Gallucci responding to defense questions.   Finally, Mr. Gallucci was under subpoena to testify, which constitutes an exception to FERPA.   See, Exhibit "C."

Defendant respectfully requests that Mr. Gallucci return for a deposition and that he be

compelled to respond to questions.  Defendant further requests that this Court reserve on the issue of imposing fees and costs against the attorney or entity that ostensibly instructed Mr. Gallucci that he should not respond to questions at the first deposition pursuant to FERPA, which is believed to be either the Palm Beach County School Board (and/or its General Counsel's office) or the Palm Beach County Classroom Teacher's Association (and/or its General Counsel's office).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.   This motion has additionally been served by U.S. Mail upon Michael Gallucci, c/o Marsh Point Elementary, 12649 Ibiza Drive, Palm Beach Gardens, FL 33418; Palm Beach County Schools, The School District of Palm Beach County, 3300 Forest Hill Blvd., C-124, West Palm Beach, FL 33406; and Palm Beach County Classroom Teachers Association, 715 Spencer Drive, West Palm Beach, FL 33409.

BY:   */s/E. Bruce Johnson*
E. BRUCE JOHNSON
FLA. BAR NO. 262137

BY:   */s/Scott D. Alexander*
SCOTT D. ALEXANDER
FLA. BAR NO. 057207
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant, City**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Johnson@jambg.com / Young@jambg.com
Alexander@jambg.com

<u>**SERVICE LIST**</u>

**MATTHEW W. DIETZ, ESQ.**
**JUSTIN FORTI, ESQ.**
DISABILITY INDEPENDENCE GROUP, INC.
2990 SW 35th Avenue
Miami, FL 33133
(305) 669-2822 (Phone)
(305) 442-4181 (Fax)
mdietz@justdigit.org
jforti@justdigit.org
aa@justdigit.org

_____

**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
alexander@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)