IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 19-CV-80825-DMM

JENNIFER QUASHA, on behalf of her

son, H.Q., a minor

    Plaintiffs

vs.

CITY OF PALM BEACH GARDENS, FLORIDA

    Defendants

_____/

**DISCOVERY DISPUTE MEMORANDUM**

    COMES NOW, the Plaintiff, JENNIFER QUASHA, on behalf of her son, H.Q., by and through undersigned counsel, files this Memorandum describing unresolved discovery disputes with Defendant, CITY OF PALM BEACH GARDENS, FLORIDA (hereinafter "City"), , and states as follows:

Given the fact that the Court has a discovery hearing set for December 12, 2019, the Plaintiff is having difficulties with three discovery issues and would like a resolution by the Court:

    I.    **Notes from Defendant's employee Daniel Prieto**

    During all of Mr. Prieto's discussions related to this subject, and before a denial of the accommodation or the litigation being contemplated, Defendant's employee maintained notes on the subject and created his own timeline.  See Exhibit "A" attached hereto.  Because of such notes, the undersigned could not continue the deposition.  Since the deposition on November 13th, the undersigned has been told by counsel for the plaintiff that he would receive a copy of the document from his client to determine if it is not privileged or if he can turn it over.  Despite many requests,

this has not been provided or a response if this is privileged. This is in response to many of the requests for production relating to documents which mention the Plaintiffs.

II.   **Emails from the PBGYAA to the Defendant**

The City contends that it does not have control over the PBGYAA sports leagues or concessions on its property, but contended that there are "multiple thousands of emails" relating to the operation of the youth sports league. This was an issue that a motion to compel was filed and denied without prejudice when the matter was referred to the magistrate. After the referral and continuing to dispute the relevance of this production, the City agreed to produce the emails. See Exhibit "B" attached hereto. Its been 20 days, and the undersigned still does not have such emails.

III.  **Request for Production dated November 18, 2019**

The undersigned requested additional documents as discovered after the deposition of its employees – two policies of the Defendant City of Palm Beach Gardens. As the discovery deadline was 12/16, I was going to move for expedited production, however, counsel for the defendant suggested that they could be made under chapter 119 as a document request. However, because over 20 days had passed without any acknowledgement of the request or production, the undersigned would like to allow production of such documents past the discovery deadline, or to expedite such production by 12/16.

**Certificate of Conference**

Pursuant to Local Rule 7.1 the undersigned has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and the Defendant opposes the relief sought herein. In fact, there were many discussions regarding all three of the requests and assurances that the documents would either be reviewed or received to date.

By: /s/ *Matthew W. Dietz*
Matthew W. Dietz, Esq.
Fla. Bar No.: 0084905

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 10, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record in the herewith service list, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Tel: (305) 669-2822
Fax: (305) 442-4181
Email: Mdietz@justDIGit.org
aa@justdigit.org

By: s/ *Matthew W. Dietz*
MATTHEW W. DIETZ, ESQ.
Florida Bar No.: 0084905