UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE #: 9:19-cv-80825-DMM**

JENNIFER QUASHA, on behalf of
her son, H.Q., a minor,

      Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
FLORIDA,

      Defendant.

_____/

**DEFENDANT'S RESPONSE AND PROCEDURAL OBJECTION TO PLAINTIFF'S
EFFORTS TO RAISE DISCOVERY ISSUES IN CONTRAVENTION OF THIS
COURT'S ORDER SETTING DISCOVERY PROCEDURE; REQUEST FOR FEES**

      Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel,

submits its Response and Procedural Objections to Plaintiff's Efforts to Raise Discovery Issues in

Contravention of this Court's Order Setting Discovery Procedure, and requests an award of

attorney's fees incurred in connection with this filing, and states:

      Pursuant to the Honorable Magistrate Judge Brannon's Order dated November 27, 2019, a

discovery hearing is scheduled for December 2, 2019 on Defendant's Motion to Compel

Testimony against Non-Party, Michael Galluci.  (D.E. 48).  The Order does not contemplate

hearing any other discovery matters that day, nor have the parties otherwise submitted a request to

the Court in compliance with the Order Setting Discovery Procedure (D.E. 33) to have any other

matters heard.

      In the spirit of the Order Setting Discovery Procedure ¶6 (favoring appearance by younger

attorneys), undersigned counsel for the Defendant assigned Selena Gibson, Esq. (admitted 2017)

to attend the December 2nd hearing.   Plaintiff's counsel was advised that Ms. Gibson would attend

the hearing, and that the undersigned was unavailable due to a previously scheduled deposition of

an expert witness in another matter.   Despite (and ostensibly because of) being informed that

primary defense counsel could not attend the December 2nd hearing, Plaintiff's counsel thereafter

filed a Discovery Dispute Memorandum on December 10, 2019.   The Memorandum expresses

Plaintiff's counsel's improper intent to have this Court entertain other discovery issues, which are

not properly noticed for hearing on December 2nd, at a time when he knows primary defense

cannot be present.

Counsel's actions are an obvious attempt by an attorney with almost 25 years of experience

to gain an unfair advantage over Ms. Gibson, a new member of the Bar, who is not involved in all

aspects of the litigation (and, in particular, those raised in Plaintiff's Discovery Dispute

Memorandum).   In addition, any effort to address these other issues plainly violates the Order

Setting Discovery Procedure.   In D.E. 33, the court requires a movant to seek relief within 14 days

after the grounds for relief occur.   In her own Discovery Dispute Memorandum, Plaintiff admits

for the second item that the discovery dispute has existed for more than 14 days.   With respect to

the third item -- the Request for Production dated November 18, 2019 -- no discovery dispute

*could possibly even exist* since it has not even been 30 days since the service of the request.   See,

Fed.R.Civ.P. 34(b)(2)(A)(allowing 30 days for the recipient to respond).

Finally, but most importantly, the first item involves an issue of privilege, which requires

an appearance by lead trial counsel to resolve.   As Plaintiff's filing demonstrates, Mr. Pietro, a

management-level employee of the City, began to maintain notes specifically because it *"seemed

like there was going to be legal proceedings ...." D. Pietro Depo., p. 14, lines 20-22.*   Stated

otherwise, Mr. Pietro maintained notes for the City in anticipation of litigation.   Thus, for an issue

of such import, Plaintiff should not be permitted to infringe upon the procedural requirements, including insuring the availability of opposing counsel, scheduling the specific discovery matter(s) for hearing, and awaiting a paperless order from the court setting the matter for hearing, all explicit requirements in the Order Setting Discovery Procedure.   Again, the violations are particularly pronounced here when it constitutes an effort to take advantage of a newer attorney, who was assigned the hearing, and prepared for same based upon the scope of the Order dated November 27, 2019 (D.E.48) rescheduling only Defendant's Motion to Compel to be heard.

**Request for Attorney's Fees:**   If this Court agrees with Defendant that Plaintiff's efforts run afoul of both Orders, D.E. 33 and 48, Defendant, City of Palm Beach Gardens, should be awarded attorney's fees incurred in connection with this response pursuant to D.E. 33, p.3.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 10th day of December, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:   */s/E. Bruce Johnson*
         E. BRUCE JOHNSON
         FLA. BAR NO. 262137
BY:   */s/Scott D. Alexander*
         SCOTT D. ALEXANDER
         FLA. BAR NO. 057207
         JOHNSON, ANSELMO, MURDOCH,
         BURKE, PIPER & HOCHMAN, P.A.
         **Attorneys for Defendant, City**
         2455 East Sunrise Boulevard, Suite 1000
         Fort Lauderdale, FL 33304
         954/463-0100 Telephone
         954/463-2444 Facsimile
         Johnson@jambg.com / Young@jambg.com
         Alexander@jambg.com

## SERVICE LIST

**MATTHEW W. DIETZ, ESQ.**
DISABILITY INDEPENDENCE GROUP, INC.
2990 SW 35th Avenue
Miami, FL 33133
(305) 669-2822 (Phone)
(305) 442-4181 (Fax)
mdietz@justdigit.org
aa@justdigit.org

---

**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**


JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
alexander@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)