UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80825-Civ-Middlebrooks/Brannon

JENNIFER QUASHA, on behalf of her son,
H.Q., a minor,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,

    Defendant.

_____/

**ORDER MEMORIALIZING COURT RULINGS AT DISCOVERY HEARING**

THIS CAUSE is before the Court following a Discovery Hearing held on December 12, 2019 on Defendant's CITY OF PALM BEACH GARDENS Motion to Compel Deposition Testimony Against Non-party, Michael Galluci (the "Motion") [DE 39]. The Motion is unopposed by Plaintiff [DE 47]. The Court issued an order requiring the Michael Galluci to respond to the Motion and for Defendant to serve a copy of the order on Michael Galluci [DE 48]. Defendant thereafter filed proof of service [DE 50]. After hearing from Defendant, for the reasons stated on the record, it is **ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED**.

Defendant is authorized to take the deposition of Michael Galluci. **Michael Galluci must comply by December 31, 2019 at a time and place to be determined by joint agreement.** Defendant does not need to resubpoena Michael Galluci for the deposition; he shall attend after being advised of the time, date, and location of the deposition by counsel for either party. Michael Galluci shall answer all relevant and unobjectionable questions. Raising the Family Educational

Rights and Privacy Act is not a valid reason to fail to respond to the questions asked during the first deposition.  *See* 20 U.S.C. § 1232(g).

"[A] deponent [may] not answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion" for a protective order under Rule 30(d)(4).  *See* Fed. R. Civ. P. 30(d)(1).   Rule 37(a)(2)(B) provides that, when a deponent fails to answer proper questions, a party may seek an order compelling the deponent to answer.  Federal Rule of Civil Procedure 37(a)(4)(A) provides for the award of expenses and sanctions when a party must bring a motion to compel, in pertinent part it states:

> If the [motion to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).  The rules direct that the court shall impose sanctions against the unsuccessful party under a motion to compel unless the nondisclosing party's objection was "substantially justified" or "that other circumstances make an award of expenses unjust."  *Id.*  Here, the non-party failed to file a response to the Motion and failed to appear at the hearing on the Motion.  The Court finds that the FERPA objection was not substantially justified and that $500.00 in expenses is reasonable.

**Defendant shall serve a copy of this Order on an appropriate contact for non-party Michael Galluci.**  This may be accomplished by personal delivery; certified mail; express mail (such as FedEx or UPS); e-mail; or, other method designed to ensure that these individuals receive

notice of this Order. Once this non-party has been served, Defendant shall promptly file proof of completed service.

Since Michael Galluci was not present at the hearing, he may file a response on the issue of $500 to Defendant in expenses **by 12:00 PM Noon on December 31, 2019.**

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of December, 2019.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE