UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80825-CIV-MIDDLEBROOKS

JENNIFER QUASHA, on behalf of her
son, H.Q., a minor,

      Plaintiff,

v.

CITY OF PALM BEACH GARDENS,
FLORIDA,

      Defendant.

_____

## ORDER GRANTING VOLUNTARY DISMISSAL

THIS CAUSE is before the Court upon a Motion for Voluntary Dismissal filed by Plaintiff Jennifer Quasha, on behalf of her son H.Q., on January 8, 2020. (DE 62). Defendant City of Palm Beach Gardens responded (DE 63) and Plaintiff replied (DE 64), both on January 8, 2020.

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, a Plaintiff may voluntarily dismiss without a court order before the opposing party serves either an answer or a motion for summary judgment. After a Defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). Here, Defendant filed an answer before Plaintiff sought voluntary dismissal. (DE 11).

Defendant argues that dismissal is not proper as it would impair its "right, as a prevailing litigant, to move for its taxable costs." (DE 63). What Defendant appears to propose is that despite Plaintiff's desire to dismiss, this case should continue to a resolution on the merits so that it can receive an award of attorney's fees. As such, January 13, 2020, Defendant filed a Motion for Summary Judgment. (DE 65).

To decide this case on the merits after Plaintiff has sought voluntary dismissal would be a substantial waste of judicial resources. Further, I find that this case has not involved a "wasted" effort on Defendant's part sufficient to necessitate the payment of fees. *See generally Ortega Trujillo v. Banco Cent. Del Ecuador*, 379 F.3d 1298, 1300 (11th Cir. 2004) (discussing the conditioning of acceptance of voluntary dismissal on attorney's fees where a party "wasted" their efforts defending the case). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1) Plaintiff's Motion for Voluntary Dismissal (DE 62) is **GRANTED**.

2) The Clerk of Court shall **CLOSE THIS CASE**.

3) The Clerk shall also **DENY** all pending motions **AS MOOT**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 14 day of January, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE