Dear Judge Middlebrooks,

Harley is the youngest of my three children and the only one who has food allergies. I want to take this opportunity to explain my rationale for bringing **Case 9:19-cv-80825-DMM QUASHA v. City of Palm Beach Gardens, Florida**. Two allergists and a pediatrician's written medical records instructed Harley to avoid sesame, tree nuts, peanuts, shellfish, eggs and pineapple. He has had multiple food allergy reactions and had anaphylaxis which required treatment at an emergency room, due to the ingestion of a cashew. My son has an Epi pen, prescribed by his doctor and a 504 plan at his school. Harley also has asthma and was prescribed Flo Vent in Fall 2018 to control his nightly asthma attacks.

In the Fall of 2018, PBG City Manager, Ron Ferris, was kind enough to make accommodations for my son so that he could play t-ball. The accommodations offered and provided sweeping of the dugout and halting the sale of peanuts until after Harley's game. We requested the same accommodations in the Spring of 2019 and after multiple attempts were denied. I was advised by an attorney, Mr. Matthew Dietz, that the situation could be resolved by litigation and the case was taken on a contingency basis. My suit did not involve any financial compensation for me or my family but simply sought to give my son the opportunity to play t-ball with his neighbors and friends.

The suit has brought anguish and stress to my family and hurtful publicity. Our attorney felt that because we did not conclusively prove my son's allergy to peanuts, the case became weak. The only conclusive test to prove this allergy would be to ingest peanuts in the presence of a doctor and administer the Epi pen when the reaction occurs. I was advised by my doctor that this was not safe, it was a life-threatening risk, the procedure should be done in a hospital with necessary medical equipment and epinephrine is not a fool proof treatment; therefore, we did not proceed. My son never ingested a peanut because he was instructed by his doctor not to. His doctor also said that even with his ingested, "definitive" treenut allergy it would still be risky to put him in a dug out with peanuts and peanut oil because of the all nut mixing cross contamination factor.

I would hope that in your deliberations, you would take under advisement that as a mother, I wanted to protect my child and allow him play and enjoy the pastime of t-ball. I am very disappointed that the accommodation could not be reached, and I hope that this will not be exacerbated with a financial burden of taxable costs.

I will be happy to furnish Harley's medical records upon your request. I also attached credible food allergy links to the FARE website as I understand food allergies are new to the disability world and as Matthew Dietz explained, uncharted territory.
Thank you for your consideration.

Sincerely,
Jennifer Quasha
*Jennifer Quasha*
https://www.foodallergy.org/common-allergens/tree-nut-allergy
https://www.foodallergy.org/common-allergens/peanut-allergy
https://www.foodallergy.org/life-with-food-allergies/anaphylaxis/about-anaphylaxis

ORIGIN ID:PBIA (561) 799-5558
MICHAEL QUASHA

4520 DONALD ROSS ROAD SUITE 105

PALM BEACH GARDENS, FL 33418
UNITED STATES US

SHIP DATE: 15JAN20
ACTWGT: 2.00 LB
CAD: 105683154/INET4160

BILL SENDER

TO: **JUDGE DONALD M MIDDLEBROOKS**

**PAUL G ROGERS FED BLDG&COURTHOUSE**
**ROOM 257**
**WEST PALM BEACH FL 33401**
(561) 514-3720   REF:
INV:
PO:    DEPT:



FedEx Express

THU - 16 JAN 10:30A
**PRIORITY OVERNIGHT**

TRK# 7774 8768 5899
0201

33401
**3E PBIA**    FL-US  PBI



RT **330**   1  B
          10:30  5899
FZ **337**       01.16

1/15/2020